UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EARL CHILDS,

            Plaintiff,

      v.

H. GASCA, et al.,

            Defendants.

Case No. 21-cv-09466-JSW

**ORDER OF PARTIAL DISMISSAL AND SCHEDULING SUMMARY JUDGMENT BRIEFING**

United States District Court
Northern District of California

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. The case was partially dismissed with leave to amend and ordered served upon Defendants based upon the cognizable claim that Defendants Gasca, Coronado, and Aragon were deliberately indifferent to his safety during a May 25, 2021, attack on him by another inmate. (ECF No. 10 at 12.) The other claims were dismissed with leave to amend. (*Id.*) Plaintiff was granted an extension of time to, and including, June 15, 2023, in which to file an amended complaint in accordance with the order partially dismissing his complaint with leave to amend. (ECF No. 36.) Plaintiff was cautioned that if he failed to do so, the case would only proceed based upon the above claim found cognizable in the original complaint and the remaining claims would be dismissed. (*Id.* at 2:1-6.) Plaintiff has not filed an amended complaint.

Accordingly, the original complaint is the operative complaint, the case will proceed only on the claim that Defendants Gasca, Coronado, and Aragon ("Defendants") were deliberately indifferent to his safety during a May 25, 2021, attack on him by another inmate. All other claims are DISMISSED.

The deadline for Defendants Gasca, Coronado, and Aragon to file a motion for summary judgment or other dispositive motion is February 16, 2024. Plaintiff's opposition is due on or before March 18, 2024. Defendants reply brief is due on or before April 1, 2024.

1   Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him

2   pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v.*

3   *Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

4          The motion shall be deemed submitted as of the date the reply brief is due.  No hearing

5   will be held on the motion unless the court so orders at a later date.

6          Along with their motion, defendants shall file proof that they served plaintiff the *Rand*

7   warning at the same time they served him with their motion.  Failure to do so will result in the

8   summary dismissal of their motion.

9          Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No

10  further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required

11  before the parties may conduct discovery.

12          **IT IS SO ORDERED.**

13  Dated: December 18, 2023

14

15

16  JEFFREY S. WHITE
    United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

2

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.