UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EARL CHILDS,

    Plaintiff,

v.

H. GASCA, et al.,

    Defendants.

Case No. 21-cv-09466-JSW

**ORDER DENYING MOTION FOR APPOINTMENT OF INVESTIGATOR**

(ECF No. 41)

    Plaintiff, a California prisoner proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983. He has filed a motion for appointment of a paralegal whom he has contacted or an attorney. He wants them to obtain declarations from witnesses who are inmates and staff members at his prison.

    Plaintiff has not cited authority under which the Court may appoint, or more specifically provide funds for an investigator or paralegal. As for appointment of an attorney, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

    Plaintiff has not shown an unusually high likelihood of success on the merits or that this case especially complex. Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex.

*See Rand*, 113 F.3d at 1525; *Wilborn*, 789 F.2d at 1331 (that plaintiff may well have fared better with assistance of counsel not enough).  Plaintiff states he has attempted to obtain declarations from "some" of the witnesses and was "denied," and that there are prison rules against him writing to other inmates or staff members.  This is not a sufficient showing that he is unable to obtain the discovery on his own.  He does not cite the prison rules or regulations prohibiting him from obtaining the declarations he needs.  He does not submit evidence of any denials of his requests or the reasoning for such denials.  He also does not describe which of the witnesses he tried to contact, what specific efforts he made to contact them, and what testimony he believes they could provide that is relevant to his claims.

Accordingly, the Court finds no exceptional circumstances in this case at this time warranting a request for counsel to represent him, and his motion is DENIED.  Plaintiff may file a new motion for representation by counsel, but only if the motion makes the showing described above.

**IT IS SO ORDERED.**

Dated: January 30, 2024

_____
JEFFREY S. WHITE
United States District Judge