1  Earl Childs - F.14068                     (3·8·2024

2  B·6·125 - CSP-Sac

3  P/O Box - 290061

4  Represa, CA 95671

5     Pro·per/Pro·Sa

6     Plaintiff.

7

8         IN THE UNITED STATES DISTRICT

9         COURT FOR THE NORTHERN DISTICT

10        OF CALIFORNIA - OAKLAND DIVISION

11

12  EARL ChILDS,              CASE NO: 4:21-CV-09466-JSW

13           Plaintiff,       PLAINTIFF's OPPOSITION TO

14       /                    DEFENDANT'S MOTION FOR

15  Vs.                       SUMMARY JudgMent

16  H. Gasca, et al.,         MEMORANDUM IN SUPPORT of

17       Defendants.          SUPPORT of SUMMAry JudgMent.

18

19                            Judge: Hon. Jeffrey S White

20                            Trial Date: NOT Set.

21                            Action filed: 12/09/2021

22

23  TO THE honorable Judge herein I am sending This opposing

24  Motion in, I am respectfully asking to forgive Me plaintiff for the

25  extra pages in My opposing Motion, due to Writing big and hand and

26  eye issues.

27

FILED
MAR 14 2024
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV 3-95)

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

<center>I.<br>INTRODUCTION</center>

1

2 Plaintiff, who is currently in custody at (CSP = sacramento

3 CDCR), has filed a pro-se civil rights action pursuant to 42 U.S.C.§

4 1983, stating a violation of his Constitional rights by prison officials

5 at Salinas valley state Prison ("SVSP"), where he was previously

6 incarcerated. In the complaint, Plaintiff named the following SVSP

7 prison officials in both individual and official capacities: Plaintiff

8 seeks monetary and punitive damages, also Plaintiff states a cognizable

9 deliberate-indifference-to-safety claim against Defendants, Gasca

10 Coronado-Rodriguez, and Aragan for failing to intervene during the

11 May 25, 2021 attack on plaintiff by Inmate Brown,

12                    <center>II. BACKGROUND.</center>

13 Plaintiff, who uses a cane and wears an ADA[2] mobility impaired

14 vest, was housed at the mental health unit of (SVSP) during May 21,

15 of 2021. Dkt. 1 @ 8. on May 25, 2021, at around 11:30 A.M. Plaintiff

16 walked out to the recreational yard ("rec yard") with his vest and

17 cane as well as his "safety sunglasses to protect [his] eyes due

18 to ... Corneal transplant surgery performed on [his] right eye" id.

19 As plaintiff walked through the first gate, he passed Defendant

20 Gasca, who was assigned to monitor and supervise the rec yard,

21 plaintiff then walked through the last gate and Defendant

22 Gasca said, "last one for yard."

23 Plaintiff walked to the yard tables, and as he was taking off

24 his sunglasses he saw another inmate he had never seen before

25 who was initially standing several yards away walk over to

26 Plaintiff and then start attacking him. The other inmate who

27 is identified as "Inmate Brown-#BL3696," starting attacking him

28

2 ADA stands for the Americans with Disabilities Act of 1990.

<center>2</center>

1 and said, This is for the %'s, before he punched plaintiff
2 two times in the face, and then in the upper body
3 Plaintiff held (Brown) and called for Defendant Gasca for
4 two minutes to help, and hit his alarm.
5 Plaintiff filed a civil 1983, complaint, and the U.S.D.C.-N.D.C
6 ordered plaintiff to amend, and serve cognizable claims
7 "Court stating ("Plaintiff states a cognizable deliberate-
8 indifference-to-safety claim against Defendants Gasca,
9 Coronado, and Aragon for failing to intervene during the May
10 25, 2021 attack on Plaintiff by Inmate Brown (See Dkt. 10 at 6
11 Lines 18-20)

12                    III
                ISSUES PRESENTED
13 The Defendants Coronado, Aragon violated Plaintiff's civil
14 rights by way of failing to intervene during the May 25, 2021
15 attack on plaintiff by Inmate Brown, they were deliberately
16 indifferent to Plaintiff's safety, and from dangerous conditions
17 all Three defendants knew about the substantial risk and
18 failed to properly respond reasonably.
19 Prison Guards have a constitutional Duty to take reasonable
20 measures to protect mental health-inmates who are being
21 assaulted by other inmates (See cases: Farmer V. Brennan
22 511 U.S. 825, 833-34, 1145. Ct. 1970, 1976-77, 128 L. ed. 2d 811, 822-23 (1994)
23 violation of 8th amendment (Riccardo V. Rowsch, 375 F.3d 521, 526 (7th
24 cir. 2004).

25 Why The defendants are not entitled to qualified immunity, also
26 Plaintiff is the opposing party herein and is presenting
27 undisputed Facts and is showing there is a "genuine issue

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

1 of "Material Fact" and plaintiff is presenting evidence and
2 proof, such as, Affidavits, Declarations, Interrogatory responses,
3 deposition Transcripts, cdcr Reports, paperwork, other documents
4 and court reports showing, why favorable should go to the
5 party opposing the motion." (Adickes v. S.H. Kress & Co.,
6 398 U.S. 144, 157, 160 (1970) Also (Curry v. scott, 249, F.3d 493-505
7 (6th Cir. 2001).

8                    STATEMENT OF FACTS
9 I. SUMMARY OF PLAINTIFF'S CLAIM AND PARTIES:
10 Plaintiff (Earl Childs) is an inmate—mental health—Patient
11 incarcerated by the California Department of Corrections and
12 Rehabilitations (CDCR) and was housed in The mental Health
13 Program (PIP)(E.O.P) in Treatment Center 2 (T.C.2) at (SVSP)
14 Salinas Valley state Prison. Also (HE) is a part of the (A.D.A)
15 Armstrong Class member, designated as D.N.M. Due to he
16 uses a cane to help him get around, and have vision
17 issues and wear a mobility impaired Vest to let staff
18 know he cannot get down on the ground and have a
19 special cuffing chrono that prohibits staff from cuffing
20 him behind his back. (SEE: Exhibit "( ) page
21 The Defendants are 1) Gasca; 2) Coronado-Rodriquez; 3) Aragon.
22 On may 25, 2021 while plaintiff was housed at SVSP. Around
23 11:30 at the T.C.2-yard, he was removing his sunglasses from
24 his eyes, when he was attacked by another inmate, (Bravo)
25 said This is for the C/o's, and assaulted, plaintiff. plaintiff
26 Called For help, For over two Minutes, stating "C/o help-
27 help- I am being attacked, come and get this guy" the C/o

1 Defendant GASCO, was not properly monitoring the Rec' yard
2 after two long minutes another inmate named (Nguyen #
3 BmoSll) ran to the gate where the C/o Casca failed to be
4 monitoring the yard and started calling for help, after
5 that plaintiff got the upper hand on (Brown) and helded
6 Brown while still calling for help as (Brown) continued
7 to assault plaintiff, It was at that moment that
8 Defendant C/o Gasca and the other Two Defendants - officers
9 approached the yard gate. Defendant Gasca told plaintiff
10 give Brown a chance "let him go." let go of Brown",
11 Plaintiff told (Gasca) "Please open the gate, before "I" let
12 him go." Def' Gasca ordered all the inmates in the yard to
13 get down and told Plaintiff that he was "not going to open the
14 gate until You (Plaintiff) let (Brown) go." Plaintiff told Defendants
15 "I've been calling for help for over 2 minutes, plus I don't
16 hear no alarm." (see; DKT. 10 at pages 2-4)(DKT. 10 -pg6-18-20)
17  on May 25, 2021. Defendant Gasca was employed by CDCR
18 as a floor officer in TC2 and was responsible for monitoring
19 the recreational yard("rec yard") But failed to be monitoring the yard.
20
21 1) Defendant (Gasca), Deliberate - indifference came by
22 way of (He left the rec. yard unmonitored, and he knew
23 about the substantial risk and failed to respond
24 reasonably, He Turned a blind eye to the risk of (Me)
25 being attacked, He failed to protect me from the
26 assault by inmate (Brown) on May 25, 2021.
   2)
27 Defendant (Coronado-Rodriguez) was employed by CDCR

COURT PAPER
STATE OF CALIFORNIA
STD 113 (REV 3 95)
85 28091

1  as a floor officer in TC2 on May 25, 2021, and was
2 responsible for monitoring TC2 and maintaining order and security
3 on 5-25-2021, He also is responsible for responding to
4 alarms and radio code in the (susp.) T.C.2 unit,
5 on May, 25, 2021, Defendant Coronado, was working in the
6 T.C.2 unit when plaintiff was attacked, and Defendant
7 Coronado turned a blind eye to Plaintiff safety by being
8 deliberate-indifference-to-plaintiff health and safety
9 by failing to intervene during the May 25, 2021 attack
10 on Plaintiff by Inmate (Brown).
11 Defendant (Coronado) violated plaintiff's civil rights
12 by way of Deliberate-indifference, he knew the
13 attack was going on, and when he responded to
14 the radio code 1, and arrived on the rec-yard
15 secure gate-port, he seen the attack still going
16 on and failed to intervene or do anything to stop
17 the attack on Plaintiff, and failed to allow
18 plaintiff to use his medical appliances (Cane) D.M.E.
19 also he failed to stop Defendant Gasca from his
20 willful and malicious intent, which violated plaintiff
21 8th Amendment rights.
22 3) Defendant (Aragon) was employed by CDCR as a (SGT) sergeant
23 overseeing the whole (TC2) on May 25, 2021, His (SGT)
24 Duties on May 25, 2021 was overseeing all of TC2
25 Defendant (Aragon) responded to the code 1 on the
26 radio, when Defendant got to the rec-yard secure
27 gate port he seen the attack still going on, and he

6

1  was on the other side of the gate with the other
2  two defendants Gasca, and coronado, at which
3  time Gasca open the gate and the attack was
4  over, Defendant (Aragon) failed to intervene during
5  the May 25, 2021 attack on Plaintiff by Inmate (Brown).
6  (He.) violated plaintiff's civil rights by way of
7  Deliberate—indifference, he allowed Defendant
8  Gasca to run the show, and failed to intervene
9  during the May 25, 2021 attack on Plaintiff by Inmate (Brown)
10 also he signed off on a (RVR) Report Defendant
11 Gasca wrote up lieing and attempting to cover
12 up his willful and malicious intent, which violated
13 plaintiff rights, on 5-25-2021.
14            STandard of Review
15 A federal court must conduct a preliminary screening in any case
16 in which a prisoner seeks redress from a governmental entity
17 or officer or employee of a governmental entity, 28 U.S.C. § 1915
18 A(a). In its review, the court must identify any Cognizable
19 Claims, and dismiss any claims that are frivolous, Malicious.
20 fail to state a claim upon which relief May be granted or seek
21 monetary relief from a defendant who is immune from such
22 relief. Id § 1915A(b)(1),(2). Prose pleadings must be liberally construed.
23 Balistreri v. Pacifica Police Dep't, 901 F.2d 696,699 (9th Cir. 1988).
24    * To state a claim under 42 U.S.C. § 1983, a Plaintiff must
25 allege two essential elements:
26 (1) that a right secured by the Constitution or laws of the U.S.
27 was violated, and (2) That the alleged violation was committed by
28 a person acting under the color of state law, West v. Atkins 487 U.S. 42 (1988)

Court Paper
Printed on
Recycled Paper

1                     COGNIZABLE CLAIM

2                     BY DISTRICT COURT

3

4 On 07-07-2022 The court served: Correctional

5 Officers H. Gasca and M. Coronado-Rodriguez; and

6 Correctional Sergeant O. Aragon at (SVSP), also the

7 court herein on (DKT 10 page 6; 18-20) Plaintiff states

8 a cognizable deliberate-indifference-to-safety claim against

9 Defendants Gasca, Coronado, and Aragon for failing to

10 intervene during the May 25, 2021 attack on Plaintiff

11 by Inmate Brown. SEE: (DKT 10 page 6 of 17; line 18-20)

12                     Legal Claim

13   1) Eight Amendment - Deliberate Indifference to Safety

14 The Eighth Amendment's cruel and unusual punishments

15 clause requires that prison officials take reasonable

16 measures to protect prisoners from violence at the hands of

17 other prisoners. (SEE Farmer v. Brennan, 511 U.S. 825, 833, (1994)

18 The failure of prison officials to protect inmates from attacks

19 by other inmates or from dangerous conditions at the prison

20 violates the Eighth Amendment when two requirements are

21 met: (1) the deprivation alleged is, objectively, sufficiently

22 serious; and (2) the prison official is, subjectively,

23 deliberately indifferent to inmate health or safety. Id. @

24 834. A prison official is deliberately indifferent if he

25 knows of and disregards an excessive risk to inmate health

26 or safety by failing to take reasonable steps to abate it. Id

27 @ 837. SEE; DKT 10 p.6 (8-17)

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 98 10924

## on failure to Protect

1  I plaintiff had a right to be free from physical assault
2  while housed at (SVSP) TC2 mental health program.
3  It is well established in an important supreme court
4  case called (Farmer V. Brennan, 511 U.S. 825 (1994) ... which
5  found that "Prison officials have a duty ... To protect prisoners
6  from violence at the hands of other prisoner" under the
7  U.S. constitution rights by way of the Eighth Amendment.
8  To show "Deliberate Indifference" = plaintiff must show the
9  1) Guards knew that there was a substantial risk (plaintiff)
10  would be seriously harmed; and
11  2) They failed to respond reasonably to protect (plaintiff)
12  Plaintiff comes now; showing the proof of the
13  2-part test above herein, to prove how the defendants
14  failed to protect him, on May 25, 2021 from being
15  attacked by (Brown) another inmate. (see; case: —
16  In Harper v. Durrette, 107 Fed. Appx. 444 (5ᵗʰ Cir. 2004) A court
17  clearly explained that it is not reasonable for guards to do
18  nothing ~~at~~ while a prisoner is being attack and or knew of
19  a substantial risk of injury.
20       Summary of Plaintiff's Claims'
21  Plaintiff was granted to proceed by this court herein on
22  his claim that All Three Defendants failed to intervene
23  during the May 25, 2021, Attack by (Brown) on him (DKT 10.
24  page 6, Line 7, B. Legal Claim, cognizable grounds;
25  Also plaintiff didn't Amend complaint on the, excessive
26  force, but has proof of the illegal use of force
27  which he will add into this as proof of his
28  claims and to show the Defendants Must State.

PLAINTIFF SHOWING THERE
IS A "GENUINE ISSUE"
AND" MATERIAL FACTS."

STATEMENT OF WHAT IS A "GENUINE ISSUE." A genuine issue
is just saying something happen, one need to have some
proof that it happened the way it did. The way the plaintiff
described, here is sworn statements, affidavits or declaration
deposition Transcripts, interroagtories responses, and copies of
cdcr officials documents, as evidence, and plaintiff's
sworn statements. The genuine issue" explained above is
about a "material fact" A material fact will be presented,
showing The Defendants are lieing and Making contradicting
statements to cover up the civil rights violation.
             "FAILURE TO PROTECT"
     Defendants Deliberate Indifferents to what Took place on
5-25-2021. Defendant (H. Gasca) set (Plaintiff CHILDS) up on 5-25-2021
and He knew what was going to happen and knew Childs was
going to be attacked and Turned a blind eye to The assault, and
he seen the attack From the start and blantantly failed
to intervene during the May 25, 2021 attack on Plaintiff by
Inmate (Brown) also, Defendants, Aragon and coronado, Knew
of the Attack, and assist defendant (H. Gasca in the willful
and malicious intent, which violated Plaintiff's civil rights by way
of violating plaintiff's Eighth $^8$ Amendment rights under the
color of Law govern by the United States constitution.
     On May 25, 2021 Plaintiff was serverly attacked by another
inmate under the works of (3) c/o's working at (CDCR)(SVSP)

10

1  Plaintiff is a Layman at the Law, and has little access to the Prison
2  Law Library but will do his best as a pro-se prisoner-mental health
3  patient to present his case and produce evidence opposing
4  Defendants contradicting summary judgement and pray under the law
5  This is granted in plaintiff's favor. Due to (P.c. 1258) case: Adickes
6  V. S.H. Kress & Co. 398 U.S. 144, 157, 160 (1970)

7                    "Presenting Evidence"
8      On May 25, 2021, Defendant H. Gasca set plaintiff up to be
9  attacked. on 5-25-2021 plaintiff was asked To go to yard by
10  Defendant Gasca, Plaintiff uses a cane and wears an ADA vest
11  for mobility impaired vest, and was housed at (SVSP) I-C-2., on 5-25-2
12  Plaintiff is Presenting evidence herein to show how the whole
13  thing took place (SEE: Exhibit's # (A) 3 pages of DKT 10 (Background)
14      On May 25, 2021, (I) plaintiff walked at To The I-C-2 rec'
15  yard, as I walked Through The short breezeway. Def' Gasca
16  secured me inside the yard and called Last one for yard, giving
17  inmate (Brown) The green-light to attack Me, c/o Gasca was
18  The Defendant-c/o whom was suppose To be Monitoring The
19  yard and inmates, but failed to do so by going back into
20  The unit and Knowingly leaving the yard unmonitored.
21  DEFENDENT H. GASCA; Contradicting reports, STATEMENTS, and
22  attempting To cover up The attack By Inmate Brown.
23  Here plaintiff is Showing The undisputed Evidence, by braking
24  down Defendant Gasca's Response To THE incident which he claim was
25  NOT clearly Unlawful (IN summary Judgment on Page-11-Line 13-B)
26  AND (Defendants Gasca report claiming what Took place on May 25, 20;
27  in summary Judgment on (Page 3-Line 8-23) (Page 4-Line 1-12) (SEE, EX.'B
28  Which is 3 pages)

1  First IN THE summary Judgement on page 3. Lines 8-27)
2  Defendant Gasca stated he was observing yard when he saw
3  inmate Brown strike Plaintiff. This is a false statement
4  Defendant Gasca was not watching The rec' yard and
5  Didn't see what happen (SEE: Answer to complaint and demand
6  for Jury Trial Page 3. Lines 4-16) Defendent Admit (he) Lack Knowledge
7  of what took place before plaintiff got attacked By Brown.
8  (SEE: Exhibit #(C) Answer to complaint & demand for Jury Trial "Ex"C" 3pgs
9  IN Defendant H. Gasca's Responses To Request For Admissions
10 set ONE, on page(2) Lines 1-28) see Exhibit #(D) pgs(2)
11 Defendant is contradicting himself, and his statement,
12 REQUEST for ADMISSION 1: Line 8. Def' Gasca (Admit) HE was supposed
13 To be monitoring The A·M rec'yard on 05-25-2021. But wasn't
14  IN Req. for ADMISSION #2: Line 13-) Defendant (ADMIT) He didn't see
15 How the incident between (Brown) & Plaintiff (childs) started
16 on (5-25-2021) By (ADMITTING) TO THE REQUEST Here is Proof he
17 lied.
18 #No Disputed Facts: STATED HE SAW how it started That's A Lie
19 and TO PROVE HE wasn't Monitoring THE rec'yard (SEE: Def'. Gasca
20 resp. to Pl's req. for Admiss. Set TwO; page 2; Exhibit (E) Line 7-11) ADMISSION #2) He
21 (Denied) THE request. Contradicting Statements and Def' is
22 lieing, to cover up his illegal act that violated plaintiff right
23 He was askd To Admit that he seen how the whole incident on 5/25/21
24 took place: (Exhibit #(E) Def' Gasca's. resp TO Pl's req for Adm set Two)
25 IN set one of ADMISSION (Page 2: Line 9 (4) Gasca; (Admit) TO THE request
26 for ADMISSION; IN set TWO (page 2: Lines 7-11) Gasca (Deny) TO The
27 Same question/request, set 1; Admit That you didn't see how the
28 incident between inmate Brown and child's started on 5/25/21 (ADMIT

12

16

1   IN SET Two page 2-Lines 7-11) ADmit that you seen how the whole

2   incident on 5/25/2021 between Brown 3 childs take place. (DENY)

3   SEE both Exhibits "(D,) ex"(E), req for ADMISS set ONE 3 SET TWO

4   As "undisputed" proof AND FACTS," There is a "genuine issue"

5   IF Defendant GASCA seen how the whole incident stated

6   as he wrote up and claimed why he didn't activate his

7   alarm when He stated "He saw Brown strike plaintiff 1ST

8   and if Brown hit childs/plaintiff first, why Didn't he write

9   Brown up for attack on plaintiff. He covered The Attack up

10  By writing up both inmates for Mutual combate on 5/25/2021

11  Here in Defendants production of Documents They produced Two

12  papers which covers cdcr rules and polices, 1-3271. responsibilities of

13  employees, page 165, and (3286. Controlling and reporting fights, and 1 page

14  paper page 171, and plaintiff is Attaching Article 22-Employee Discipline

15  1 page (Exhibit "(F) 3 pages;

16  page 1, 3271. (Responsibilities of employees; He is proof all (3) Defendant

17  is responsible for The safety and safe custody of The inmates confined

18  in The institution

19  page 2) 3286. controlling and Reporting fights; THE Defendant GASCA failed

20  at his Duty under The color of law To protect plaintiff and failed

21  To properly file a legal report, and failed To intervene During

22  The 5/25/21 attack on plaintiff.

23  page 2) 3286. Is a cdcr legal Document; THE UNDISPUTED FACT

24  Here is stated on THIS page "Employees who observe The fight will

25  prepare a written report stating clearly everything The observed

26  and will submit a RVR report." THE employee who renders the report

27  shall, IF possible, state who was the aggressor and NAME (s) of

28  aggressors, and reason for The fight. Defendants, GASCA, covered

Court Paper
Printed on
Recycled Paper

13

1  This violation up by not Naming Brown as The Aggressor
2  and by not clearly stating why it started. This Exhibit
3  3284 is undisputed facts and a Rule and in his duty to
4  Follow. But he didit.
5  Article 22 - Employee Discipline under Lined stated Defendants all 3
6  have a duty as an employee of (CDCR) To protect the innocent
7  against attackers. Plaintiff was attacked and Defendants failed
8  to protect violated his civil rights. Undisputed facts in thes 3
9  pages Exhibit # ( F )
10  SEE Plaintiff's (CHILDS. 8 page Declaration) as undisputed for
11  and evidence of This violation against him, while he was
12  housed at SVSP. T.C.2; and in THE plaintiff's Declaration on
13  page 5, Lines 20-28; page 6,7,8, stated what took place on
14  5/25/2021 (Exhibit # (G) pages 8, CHILDS Declaration)
15  "UNDISPUTED FACTS" on 5-25-2021." Continuing on page 3
16  of Def's summary Judgment motion has Defendant Gasca lied and
17  is lieing, Def 'Gasca stated in This Line 18-28, on pages 3; Exhibit
18  # ___, Pages 2, While plaintiff had Brown in a chokehold, Brown was    3-4 Lines 1-12
19  screaming for help and Begging plaintiff not to choke Brown out
20  and Def' Gasca announced the fight on his radio, and how Gasca
21  Threw an oc blast grenade to stop The fight, & upon seeing
22  Gasca deploy The oc blast grenade. it stop The fight,
23  and how The other Defendants Coronado - and Aragon responded
24  To The alarm, but when They arrived plaintiff and Brown had already
25  stopped fighting and seperated.
26  All This is a lie and I Plaintiff will show proof of all (3) Def's
27  contradicting Statements and lies, and There attempt To cover
28  up This Story, with undisputed facts, how plaintiff was attacked

14

18

1  and Def' Gasca set this whole incident into motion and has Def's

2  Aragon and coronado attempted to cover it up to protect Def'

3  Gasca from getting caught.

4  HERE IS a statement by a witness, That was at yard on 5-25-20

5  and Due To I am incaerated I am using a 602 Health care

6  form, a non-party statement as Evidence That strongly supports

7  plaintiff's version of the important Facts showing There is a real

8  dispute. Here I am providing This Exhibit # (H) 2 pages of

9  (Vaughn Edward-BA3720) statements to what took place on 5/25

10  and his signature is on This; Mr. Edward was at The rec'yard on 5/25

11  Mr. Edward statements in These two pages will show

12  undisputed facts that Defendants are lieing and Trying To cover up

13  This civil Right violated against plaintiff.

14  Defendant Gasca stated in (Exhibit # (B) on page 3 of summary judge

15  lines 18-25; plaintiff had Brown in a chokehold Brown was screami

16  for help and Begging plaintiff to stop; Def' Gasca is lieing and

17  Here is (Mr. Edwards) a non-party statements signed as proof on the

18  record. Mr. Edwards, as childs/plaintiff witness, 1, He stated it

19  took place on The rec'yard and stated childs and Brown, 3) He stat

20  Brown walked up to childs and attacked (plaintiff childs) started

21  swinging by The Tables, 4) He stated childs was only defending his-

22  self and fought Back and gained the upper hand. placing Brown in

23  headlock, 5) AND CALLED FOR THE C/o's, TO ASSIST him with Brown

24  DUE TO THE ATTACK. This is proof plaintiff was calling for Help no

25  Brown as Def'Gasca claimed and is lieing about (Also see Exi

26  # (H) page 1 ; Ex # (I) page 2; Ex # (  ) pg — As To plaintiff called for hel

27  As To Edwards Page 2; He stated 1) He can op without witnessing for thi

28  attack on The yard, and He stated 2) He seen what happen 3) childs was Truly

15

1 defending himself at all times and the force of violence. All this is
2 clearly "undisputed facts" to there is an "genuine issue" and I am
3 asking the court to look at Mr. Edward statements as
4 proof Def's Gasca and the other two are lieing and it
5 contradict there statements herein, Mr. Edwards 2 pages
6 statement clearly state plaintiff's version of important facts
7 on how the 5/25/2011 attack on plaintiff started and ended.
8 Also plaintiff wrote a 602 complaint, after the incident on 5/25/21
9 stating what took place and turned it in on 5/25/21, and this
10 is how plaintiff commence to protecting himself from
11 future attacks and to bring attention to the attack and how
12 the whole attacked started and how CDCR officials and cdcr
13 administration and CDCR warden, sacramento, office of appeals and
14 CDCR Director responded to the 602 and exhausted plaintiffs
15 remedies (Exhibit #(I) 14 pages of plaintiff's 602 complaint, and exhauste
16 remedies.
17 Def Gasca lied in all his reports and here in this Ex(I) which is
18 (14) pages as proof and "undisputed facts") to this violation and to
19 show there is an "genuine issue".
20 the first (2) pages is the (602) another declaration by plaintiff as to
21 how the attack happen and proof. the Non-party (Edwards) (ext H)
22 statements of 5/25/2071, and how plaintiff called for help for over
23 two minutes, proving Def Gasca failure to be monitoring the rec
24 yard. pg 1, states on 5/25/21 (Brown) attacked him will removing his sun-
25 glasses. 2* and stated this for the 4/0's., and 3* actions: monetary compensat
26 plaintiff witnesses spoke to. Has all (3) Def's violated his rights and be-
27 was a A.D.A patient. 4* The 5/25/21 Date & plaintiff NAME; (pg 2 *) covers how
28 he was attacked, 5* how Def's failure to monitor the yard and NO

16

1  c/o's was watching The yard and how Def' Gasca was in the
2  unit. [6#] How plaintiff called for help over 2 minutes, How plaintiff [7#]
3  told The Def's to come get Brown once They arrived and how [8#]
4  Def's enter The yard and Threw The Bomo o×C blast at plainti
5  after the attack on him was over. [9#] How he wanted his witness
6  spoke to Vaughn Edwards BA3720, Clark-F73520 ect. [10#] How
7  Brown made a statement He was paid. [#11] How his rights we
8  violated.
9  page #3) shows SVSP OFFICE logged The (2) page 602 with log# 17198
10  DATED 6/2/2021 (pages 4-5) show grievance response for 5/25/21 attack
11  by THE warden of SVSP (CDN)A (E Borla). (pages 6-10) shows, what
12  plaintiff stated about 5/25/21, and (Edwards vaughn-BA3720) as
13  his witness, also how Def'Gasca report was Dropped Due to
14  plaintiff defending himself 6-7 )(pg 8-10) shows cdcr admitted
15  Defendants violated plaintiff rights. Due to cdcr responded to
16  CHILDS 602 (Granted) DECISION (Granted) For The 5/25/2021 incident
17  (Granted) and The decision exhaust his remedies with CDCR. By
18  M. Mosely (Title-Chief) on (10/01/21) Granted) also pg 10 Granted
19  outside investigation into 5/25/2021 (pages 11-14) shows on pg 11
20  (Granted) by sacramento Appeals, log# 121983 (pgs 12,13,14, shows 3rd
21  level Decision on appeal Granted. By The cdcr Director Howard E.
22  Moseley as to Def's violating plaintiff's rights. All This shows
23  (UNDisputed facts) and pure evidence to The 5/25/2021 violation
24  HERE IN Exhibit #(B) on page 3-4, on on page 4-Lines-1-8 in
25  Defs motion for SJ.
26  Defs Stated at 11:44 A.M. Def's [Coronado and Aragon responded to
27  Gasca's alarm but when They arrived Plaintiff and Brown had
28  already stopped fighting and separated from each other (SEE: Doc)

17

21

1  Coronado-Decl, ¶ 6: Aragan Decl ¶1 ) ; Here all 3 def's are lieing
2  and They statements are contradicting and don't add up
3  to There reports and Plaintiff is showing undisputed
4  facts here; Plaintiff stated in (Exhibit #"A", pg 2 Lines 24-26
5  DKT 10) That he noticed Def's and all (3) Def's That is at The yard
6  gate. Id plaintiff told The officers "Help, hit your alarm; on (pg 3
7  DKT 10 Lines 1-28) plaintiff called for help for 2 minutes and on
8  Line 10 after The o'c can grenade. was Thrown Def' Gosca
9  and coronado approched him (in Plaintiff's Decl he stated
10  a Group of officers including Def's responded (in EX #'H'
11  vaughn Edwards) stated THE correctional officer(s) said prone
12  out and Threw the oxc-can Bomb.)
13  HERE IN Exhibit #(J) 3 pages, of CDCR Incident report package of the
14  Attack on plaintiff True cdcr Documents covering cdcr lies
15  To protect defendants and showing Proof of contracting
16  statements.) THE pages 1-3.) pg 1, show Def' Aragon, was a
17  response supervisor and SGT on 5/25/21) pg 2; shows (Def' coronado
18  was Responder, on 5/25/21) pg 3, shows Def' Gosca, was Primary officer,
19  escort, and used force, and Deployed oc-Blast Grenade, all
20  3 Def's were involved in This civil rights violation; and
21  Attempted To cover up There illegal actions and evil
22  intent, mind-state to due plaintiff harm (Undisputed facts
23  HERE on pg 4) Def' Aragon; STATED "When I arrived at The T.C-2
24  rec yard and witnessed (Brown) & plaintiff (childs) face down
25  in a prone position with handcuffs placed on them. HERE He is
26  STATING WHEN HE got To The yard plaintiff had
27  hand cuffs's on.
28  pg 5) Def' coronado; STATED; upon arrival HE observed (childs) & (Brown)

1B

22

1 on the gravel prone out, and ("HE") Coronado ran over to C/o Gasca

2 as he was standing next to childs and placed him (childs) in

3 mechanical restraints (hand cuffs (Pg 6: Def' Gasca stated

4 (HE) Gasca Deployed his oc Blast grenade and Due to his focus on

5 plaintiff he didn't see (Brown) get any exposure to the oc Blast

6 once it was safe and with responding staff office Def'

7 Coronado and (him) Gasca approched inmate childs. As C/o

8 coronado covered (him) while he Gasca cuff Childs.

9 (pg 7) is the (RVR) rules violation report for 5/25/2021 (stating

10 Def's Gasca, said him and responding C/o Coronado approched

11 childs)."

12 All (3) Defendants statements are lies and They contradict each

13 other statements as They Don't all add up to what happen.

14 Here plaintiff is about to show undisputed facts.

15 (in EX*(B) pg 2, lines 1-7) summary J motion) Def's Coronado and Aragon

16 responded to Gasca's alarm but when (they) arrived plaintiff & Brown

17 had already stop fighting and seperated (undisputed facts) How

18 could this Be if Defendant Gasca stated on page 6 of Ex"J

19 in the incident report packet (once it was safe and with

20 responding staff officer Coronado and I approched childs, an

21 he then placed childs in cuffs. 1) contradicting statemen

22 Also on Pg 7 of Ex"J Def' Gasca stated "once is was safe with

23 responding staff officer Coronado, He approched inmate child

24 How could Defendant Coronado and Def' Aragon respond

25 together but when they arrived both inmates had stop

26 fighting !???! see Ex*(B) lines 1-7, But the "undisputed

27 fact" is on pg 4 of Ex"(J) of incident report package Def' Aragon

COURT PAPER
STATE OF CALIFORNIA
STD 113 (REV 3-95)
95 25361

1 Clearly STATES: (I arrived and witnessed INMATE childs and Brown
2 prone at both with handcuffs placed on them.) THE contradict
3 comes Due To on Pg 5, of EX"(J) Coronado STATES IN THE
4 same report (incident report package (UPON arrival He
5 observed INMATE childs & Brown proned at, and He ran over
6 To Def' GASCa as he was standing next To childs and
7 placed handcuffs on him. (BUT THE QUESTION Here is
8 Def' GASCO STATEMENT which any Trial jury would ?
9 on page 6 of EX"(J) The same incident report package Def'
10 Gasca STATED (ONCE it was safe, and with responding staff
11 officer Def' Coronado He approached Childs and placed him
12 in CUFFs.
13 Def's are all lieing. 1. Def' Gasca admit to him and responding
14 officer Coronado approached plaintiff childs ant, also admit
15 To Coronado provided coverage, while he placed childs in
16 CUFFs. HERE Defendant is (ADMITTED) & Admitting To The
17 undisputed Fact Def' Coronado seen the attack on
18 plaintiff and He Admitted To He Didn't open the yard
19 gate. until Coronado was There and if that's the case
20 Coronado seen The attack and had To be present
21 To See Def' GASCa Deploy The OC Blast when The attack
22 was over, Def's STATEMENTs IN EX"(B) pg 2. Lines 1-7, is
23 proof They all are lieing and How could (Coronado. and
24 Aragon arrive and see both inmates stopped fighting
25 But Def' Gasca, STATED He waited on Coronado
26 before it was safe to approch Childs. Therefore Def' Aragon
27 was with them and They all witness the attack

1  Here Plantiff will continue to prove The "UNDisputed Facts"

2  How all Three Def's are lieing and They statements are contradictory

3  and how They all Tried To cover up The violation of plaintiff's

4  civil rights, and THE "Genuine issues" of Plaintiff being attacked

5  By (Brown) and The Def's failure To intervene on 5-25-2021

6  and THE #1 UNDisputed FACT HERE IN THIS Whole Motion is DEF

7  H.Gasca) Didn't see How The Attack STARTED; Due To he left

8  THE REC' Yard UNMonitored and he Claim to have Been

9  Monitoring THE Rec'Yard, once AGain (SEE: Exhibit #(E) pg 2 Line

10  1-28) on Req 1 Def'Gasca (ADMIT') He was supposed To Be Monitering

11  The A.M. rec'yard on 5/25/2021, BUT HERE IS UNDisputed Proof AND

12  Facts: on Lines 9-14) on Req 4 ADMISS #2) Def'Gasca ("ADMit's") He didn't

13  see how the incident on 5/25/2021 started. THerefore He was

14  not Monitoring THE Rec'yard and FAiled To Protect plaintiff

15  and left his duty to secure the safty of plaintiff in harms

16  way).

17  HERE Plaintiff will continue to Show all (3) def's contradicting

18  statements as To what happen and whom was on the crime

19  seen on 5/25/2021 By presenting evidence in all (3) Def's statements

20  and Theirs own words, and admissions and CDCR Reports

21  HERE Def's H.Gasca (Admit) in (exhibit #(D) page 4 of Gasca's resp to Req

22  for Admiss set one Lines 19-22; (HE) Def'Gasca (ADMIT) THAT him

23  and coronado approched childs together on May 25, 2021 (Admitted)

24  BUT IN (Ehibit #(K) pg 4 of Def' H.Gasca resp to Pl's Req for Admiss, SET Two

25  Lines 8-13 (Admiss No 19' Gasca; also ADMit, but STATED That He

26  first approched plaintiff after both inmates were down and that

27  after that Def'Coronado approched To assist Gasca (THese are

28  Contradicting STATEMENTS Due To Gasca Admitted That him and

21

1  Coronado approached childs (TOGETHER) on May 25, 2021 (SEE EX

2  *(D) page B. Def' Gasca's Resp' to REQ for ADMISSION set ONE.

3  How Can Def' Coronado, approach plaintiff with Gasca

4  but in another (exhibit) *B) pg2 arrived with Aragon; But

5  in (Exhibit J') page 4 of the incident report Package. Def' Aragon

6  STATED IN his own words. He arrived at The T.C2 recyard and

7  witnessed both plaintiff (childs) and (Brown) faced down in a

8  proned position with hand CUFFS on, But Def' Gasca stated

9  IN his own words in The same (EX*J) pg7, and pg5 (once it was

10  safe and with responding STAFF officer Coronado and I

11  approached INMATE Childs, and coronado provided coverage I

12  placed childs in hand CUFF's ( Coronado couldn't have been

13  with The SGT Aragon when he arrived cause plaintiff

14  and Brown allegally was in CUFF, but if up) see Gasca's

15  report on pgs 5*7, Plaintiff didn't get placed in cuff's

16  until Coronado ran with Gasca and helded coverage over

17  childs.  1) Gasca is stating he and coronado placed

18  plaintiff in cuff's. 2) Exhibit *(B) pg2 Lines 1-7, states Aragon

19    and coronado arrived together, Contradicting statments

20  HERE. H. Gasca's states He and Coronado approached childs

21  together on 5/25/2021 (Admit's) To that (EX*D, pg B Admissions set one

22  HERE  H. Gasca's STATED: first (He) Gasca approached (childs )

23  plaintiff after both were down After that Coronado approched

24  to assist, Gasca.

25  HERE IN (Exhibit *(D) pg3 pg2 of set one, Coronado's Resp to pl Req for Admisse

26  Def' Coronado, (ADMIT) THAT HE Ran over to (Def' Gasca) while he was

27  standing over plaintiff (childs) on may 25, 2021 (See lines 11-15) and on

28  lines (16-19) of This page: Def' Coronado, Admit's being with Gasca as he

Court Paper
Printed on
Recycled Paper

1  placed hand cuffs on plaintiff on 5/25/2021 But The Def'
2  Gasca contradicting statement comes in (ex *(D) pg 1 of Def'
3  Gasca's Resp to req for Admiss' set on (Lines 20-22) Req for Admi
4  #10, Response to Admission 10) Def' Gasca (Admitt's) That him and
5  Def' Coronado approched Childs together on may 25, 2021
6  HERE IN Exhibit*(K) pg 1 of set two of Def's Gasca's Responses To Pl' Rep for Admi
7  Lines 1-14) Def' Gasca (Deny) That him and coronado both ran
8  to where I'm Childs was on 5/25/2021. But on Lines 5-7,
9  Def' Gasca STATED "HE did not enter the exercise yard until after
10 plaintiff released inmate Brown and had proned out. Def' coronado
11 did not Arrive on scene until after the fight was over and
12 plaintiff had proned out.
13 Defendents Gasca, Coronado, and Aragan all have told a
14 Different story and have contradicted each other State=
15 ments in these Exhibits.
16 Here in Exhibit*(L) pg 4, set one of Aragan's Resp' to Interr, Lines 1-18
17 Def' Aragan STATED when He arrived to the incident, Plaintiff had
18 already been restrained Also on (Lines 18) He also stated when he
19 arrived to the incident, Plaintiff had already been restrained.
20 How is This True when aragan acrived To The incident with
21 Def' coronado, but coronado and Gasca Approched childs
22 and placed him in restraints/cuffs. HERE SHows A real
23 uNDisputed fact, and a Genuine issue.
24 HERE is "uNDisputed facts" to prove (Def' H. Gasca) lied and
25 wrote a false Report, to cover up his illegal act on may 25, 2021
26 and here plaintiff is showing his injuries caused by
27 Def Gasca ways and actions.
28 THIS (Exhibit*(M) 10 pages, covers The incident on 5-25-2021

1  and How Defendants(Gasca, coronado, and, Aragon's; supervior
2  overruled There false reports and has plaintiff version
3  of what took place on 5/25/2021. Adde up to TRUTHFUL
4  facts and undisputed facts to prove there is a
5  genuine issue, here and this should go to trial so
6  plaintiff could show his civil rights were violated
7  Do the CDCR officials violated his united States constitution
8  rights by failing and There failure To intervene on 5/25/2
9  when Plaintiff was attacked By Defendant H.Gasca's
10 incarcerated

11 EX#(M)(pg 1 of 10) is a copy of the incident report package; showing,
12 plaintiff's childs was wrote up for fighting, and it shows
13 plaintiff's injuries which are reported as proof he was
14 inyried do to Defendants failure to protect him and
15 for there failure to intervene. The injurees are To
16 plaintiff's legs/left knee, with Abrassions; Def Gasca wrote
17 plaintiff up for a fight and placed (him) as the suspect.
18 EX#(M)(pg 2 of 10) is a copy of cdcr (Rule violation Report) showing, Def'
19 Gasca, wrote (Brown) a non-party, up for fighting, when(Brown'
20 attacked (Childs) plaintiff on 5-25-2021; and DEF' Gasca
21 wrote in this(RVR) report HE" saw INMATE Brown strike, IIM
22 childs first. (Also; Def' Gasca stated " once it was safe and with
23 responding staff officer Coronado and (I) approched IIM. childs and
24 placed IIM childs in hand cuFFs")
25 EX#(M)(pg 3 of 10) shows All (3) Def's supervisors, which is The cdcr
26 (SUSP)(LT) for The T.C.2 unit. a non-party (J.Maturino) narrative
27 of what took place on (5/25/2021) which states clearly The T.C.2
28 Floor offices. which is (Gasca, coronado) were observing T.C.2

24

1  afternoon recreational yard, and Brown & Childs began to engage
2  in a fight, striking each other with closed fist.) and Both inmate
3  were wrote up for fighting. "UNDisputed facts".. This is
4  a lie, because (Brown) hit Plaintiff first, which Def
5  Gasca Do addmitt to in all the Exhibit's herein, and
6  Def' Gasca and all of SVSP officials has attempted to
7  cover up this attack, by claiming it was Mutual
8  combat - fighting. when Brown was The aggressor
9  ex*(M)pg4of10) is a real CDCR form called a 7219) which
10  is a medical report, To docüment injuries, for unusual
11  occurrence. which is given to inmates with There (RVR)
12  (Write-up.) Rules violation report, which is Done by
13  CDCR/ SVSP, medical employee's. on 5/25/25 it was Done by(RN,
14  o, Zavala (Inst.I.D.# 287893) and it Clearly shaw(Plaintiff's
15  CHILDS-F.14068)NAME, cdcr NUMber, The date- 5/25/2021, T.C.2.
16  unit @ SVSP. MOST of all it shaws "(UNDISPUTED FACT'S) TO
17  This"Genuine issue" Plaintiff's (CHILDS) STATEMENT and injury
18  1) Plaintiff's statement of what happen on 5/25/2021. (Brown.) Def
19  Gasca's Henchman)"HE JUST ATTACKED ME AND I restrained
20  HIM". THE (INJURY) From This Civil actions violations" which
21  shaws 2) Knee - Left Knee AbraSion/scratch. caused both by
22  Def' Gasca evil intent
23  Ex*(M)pgS,5,6,7,8,9, front and Back information. of THE Discipli-
24  -nary Hearing ResULTs, for The RVR, Report Def' Gasca, and
25  Aragon wrote up and Approved attempting To cover up
26  what happen on 5/25/2021. This Report is UNDisputedfa
27  To shaw THE "Genuine issue" has arised, Due To All 3 Defs
28  Aragon, GASca, coronado, higher uppers, which is There supervisors

25

1. and overseer's, Bosses, 1. The Lt. R. Martinez, 2 (A.W.) the susp
2. Head Warden, J. Hughes, whom make the final decisions
3. and comments, to and on all reports.
4. Ex*(M) pg 5 of 10) The first page is the Disciplinary hearing results)
5. on This cdcr paper. It shows, The Date (5:25:2021) of Def's Gasca's
6. (RVR) outcome (Due Process) Plaintiff's name Childs is on the (DHR)
7. What Def' Gasca wrote Plaintiff up for (specific act: fighting, on
8. 5/25/21 which is violation Date. Also This (DHR) Report shows
9. Defendant's (O. Aragon, approved the report and was Def' Gasca's
10. supervisor and it shows Def' Gasca wrote The RVR on Plaintiff
11. This page covers The (Due Process=on Front and back of each
12. pg of 5-9) on The back page. Hearing = It shows Plaintiff made
13. a statement, He was present, In good health ready to proceed.
14. Under (Disability) Here It shows Plaintiff is (Mobility)
15. and uses a cane, wears a vest) And Proof I had a cane and
16. a vest, and on (5/25/2021) I was A.D.A, and had My medical
17. appliances the day of the incident, and attack By Brown
18. whom was ordered to attack Plaintiff.
19. on (Exhibit *(M) pg 2 The back page of 2 of 10) under (Investigative
20. employee) additional information, States (Plaintiff is (DNMC) which
21. is a D.M.E. a medical appliance of (cane, & vest) This is proof
22. of Undisputed Facts. Plaintiff had his cane and vest
23. on (Exhibit #(M) pg 3 3 of 10 on The Back page, is "Undisputed Facts."
24. That shows This is a real Civil Right's violation and
25. This Motion has "Genuine Issues". . . Here Plaintiff
26. Is about to Prove That The Defendants, Gasca, Coronado,
27. Aragon, Lied in There Reports and to This Judge, and
28. to The Courts. But The Main Issues Here Is All

26

1  THREE DEF's FAILED TO INTERVENE WHEN PLAINTIFF was attacked

2  By DEF'GASCA'S HENCHMAN INMATE Brown, on (5-25-2021)

3  THE PROOF (Exhibit #(M) pg 3 of 10, on THE BACK pg. UNDER (PLEA=

4  STATEMENT: Plaintiff (CHILDS) went TO THE RVR-Hearing, for The

5  RVR, DEF'GASCA wrote up on plaintiff for fighting INMATE

6  (Brown) on (5-25-2021). AND WAS asked by THE (LT, R.Martinez

7  How do he plea, (Plaintiff pled (NOT GUILTY) and Made a statement

8  plaintiff statement: Comments: "(I was attacked, I was just holding

9  him down. I was defending Myself.").

10  under findings: Plaintiff RVR that Defendant Gasca wrote

11  up, and DEF' Aragon approved, to cover up there illegal act

12  WAS DISMISSED, Plaintiff CHILDS, was FOUND (NOT GUILTY)

13  based on a preponderance of evidence. BY, THERE BOSS, and

14  supervisors over c/o's, SGT's; which was THE Lietenant, of the

15  SNSP. of T.C. 2, Hearing officeal. (R.Martinez; LT) on june, 14,2021.

16  UNDisputed facts; To Prove THERE IS Genuine issues. Look at

17  THE (EVIDENCE) ON THIS page (3) on THE Back, under 'comments'

18  THE Lietenant, which is Def's BOSS/supervisor, Here (EVIDENCE:

19  supporting THE findings; Comments; STATED: Plaintiff childs is not

20  Guilty; and THE (LT/SHO=" THE sho elects to dismiss in the interest

21  of justice for THE following reason: 1) the RVR supports The subject

22  (CHILDS) plaintiff's) DEFENSE that he was attacked THE sho notes every-

23  one has the right to defent himself against unlawful injury"

24  UNDisputed facts", Comes by way of Def's Gasca, Aragon, lied

25  and There BOSS didn't Cover fer THEM but STATED, CHILDS

26  WAS attacked, and has a right to defend himself." Which, DEF'

27  GASCA, lied and Stated & wrote Plaintiff up "fer The act of

28  fighting". HERE see (Exhibit #(M) pg3, The back side TO see

27

Court Paper
Printed on
Recycled Paper

1. LIEUTENANT, (R. Martinez; TITLE LT: Declaration/comments) In the
2. EVIDENCE; As "UNDisputed facts" HERE IN AS TO There
3. Shall be an "Genuine issue". Here Do To All Three Def
4. Aragon, GASCA, Coronado, lied, in Cdce's reports, and in
5. Admissions, and other documents to attempt to cover up
6. There sadistic, mind-state and Violations, But Ther
7. Superiors, higher uppers, such as Lietenant, & Wardens,
8. Proved plaintiff verision of what took place on 5-25
9. 2021 is true and The Defendants superiors, Decl', by
10. LT, (R. Martinez) clearly states "subject (CHILDS) was
11. defenseading himself from being attacked, (LT:) STATED
12. The SHO NOTES everyone has the right to defend himsel
13. against "UNLAWFUL INJURY" see (LT) Declration; To Make a
14. final decision as to Plaintiff's verision, To UNDisputed
15. facts.
16. Here is (Exhibit #(M) 4-5 pg. 4-5 of 10; The back of Page 4,) page 4,
17. Shows Hearing officeal name; R. Martinez) and Date (6-14/202)
18. The back of pg 4, shows (finding (By CDO; Warden: (NOT Guilty)
19. page (5) under (CDO) = (chief Disciplinary officer,) comments:
20. STATES (APPROVED) By THE SUSP I.C.Z (AW) J. Hughes; 6/16/2
21. THIS Proves; GASCA, and Aragon, lied and Attempted
22. To cover of (Braun's) attack on Plaintiff's childs
23. on 5/25/2021,
24. THIS 10 page front and back exhibit; is UNDisputed
25. facts to plaintiff's civil complaint and how (he)
26. is proving there is an "genuine issue".
27. THIS Exhibit #(M) page 10 of 10 ) is A, CDCR-ADA Form, which
28. Shows, Plaintiff's has at all Times, Dates, here in this

Court Paper
Printed on
Recycled Paper

1  whole matter from May 24, 2021 and May 25, 2021, up until
2  2023, has used and did use, and wear a mobility
3  impaired Disability vest, (Permanent,) and used a cane
4  to get around, and had a for sure special cuffing
5  chrono.
6  On May 25, 2021 plaintiff went to that staged rec'
7  yard not knowing what was going to happen to him,
8  and was wearing a ADA vest and had his D.M.E
9  cane, and did call to SGT(Def'Aragon about
10  he can't be cuffed to the back, and it states
11  The Undisputed facts in (Exhibit #(M) pg 5 on the
12  back page. under (Disability.) Pl's is (mobility)
13  impaired, on pg 2. under Investigation Additional
14  Information (DNMC) which is plaintiff uses a
15  cane, & wear a vest to get around, and has
16  The (LT)(AW) warden signature on it as proof
17  see: (Ex #(M) pg 90, (Even though The date is off
18  During Trial plaintiff can prove on That Date
19  of 5/25/2021, He at all times, Dates, were, and was
20  with his cane, vest, and has proof it was well
21  known, To all (3) Defendants, He had a chrono
22  for 1) special cuffing, 2) cane, mobility vest,
23  and did have surgery on his Right eye
24  and was a mental patient.
25  Here in (Exhibit #(N) 1 pg, Def'H. Gasca's Resp' to Pl's req. for Admiss
26  set Two, pg 4, lines, 1-4;) Def' Gasca, was asked if He told IJM
27  Brown to stop attempting or stop attacking, childs (Plaintiff) on
28  5/25/21, He (Deny) the request. After He stated He seen

1 Brawn hit childs first. (on lines 7-12,) Def Gasca
2 (Admit) he knows the different between a fight and a
3 battery. He Did admit insofar as He knows there is
4 a difference between mutual combat and a battery on
5 a person, IF So THE (undisputed fact) here is
6 why did (he) Def Gasca, write plaintiff child
7 up for fighting, and not the victim of an
8 attack or (Brawn) up for battery.
9 IF Def Gasca knew or claim to have known the
10 difference. He was try to cover up the attack
11 by stating both inmates were guilty of the
12 act of fighting. The warden, and LT signed
13 off in plaintiff favor as to he was attacked
14 and Dismissed Def's Gasca RVR, Due to Brawn
15 attacked childs. This shows a "genuine issue"
16 Here in (exhibit #(O) is 3 pages of (cdcr) susp custody
17 operations and operations manual; pg4 shows (D-M.E)
18 canes usage and custdy shall not remove or deny
19 plaintiff or inmates from; (pgs 2-3) shows the rules
20 of CDCR 51.2016 use of restraints (hand cuffs & waist
21 restraints) and 51.020.18 Reporting allegations of excessive
22 force. This shows Defendants failed to allow Childs
23 to use his Cane on 5/25/25. which does violated his
24 rights.
25 Here in (exhibit #(P) is 3 pages of Def's Aragon's & Gasca's, resp
26 to Plaintiff's req for Admiss; set one's; on page 1 of 3, is, Def O
27 Aragon's, resp to PL's req for Admissions, set one; under Req No 5, Def
28 Aragon (Admit) That he approved The RVR that Def Gasca wrote on may 25, 2021

1 See lines (6-10) and Def. Aragon also (Admit) that it was Def. Gasca's
2 duty to watch the rec" yard on May 25th, 2021 (on pages 2-3) is Def. H.
3 Gasca's responses to req' for Admiss', set one: lines 10-18, under Req# 14
4 Def' Gasca (Admit) He Gasca has been accused of misconduct
5 while working for CDCR (on lines 3-5, page 3; Def. Gasca (Admit) that
6 He was trained on protecting inmates and the use of force.
7 UNDISPUTED FACT'S "To Prove There is an issue, and a
8 GENUINE ISSUE:
9 See (Exhibit "Q", 2 pages) page 1, is Def. Aragon's resp, Pl's Req for
10 Admiss, set one; page 2; is Def Coronado resp to Pl's req for admis
11 set one:
12 Here in (Ex "Q" page 1; defendant' Aragon, Admit on lines
13 23-27) He ordered % Gasca and coronado to CUFF CHILDS up
14 on May 25, 2021, after the incident on the yard (This is the
15 strongest UNDisputed Fact "To The genuine issue" Due
16 to his Contradicting statement's, saying when he arrived
17 to THE incident CHILDS was in (CUFFS) restraints already.
18 SEE The contradicting STATEMENT in (Ex, J. page 4) Def. Aragon
19 stated; When he arrived to The IC2 recreational yard he witnessed
20 INMATE Brown, and Childs F.14068) was face down in a prone position
21 with handCUFFS already placed on both of them.
22 But He Admitted in (Ex "Q") He ordered The 2 Def's Gasca, and
23 coronado To place plaintiff IN CUFF's.
24 IN (Exhibit "L", pg 1) Defendant Q. Aragon, Stated When He arrived to
25 the incident, plaintiff CHILDS had already been restrained
26 UNDisputed Facts is IN This (Exhibit (Q) page 1, req (Q)³ Aragon, (Admit
27 THAT He ordered The other (Two) defendants to CUFF Childs up
28 on May 25, 2021, after The incident (Contradicting statements)

31

## Defendants Shall Not Be Entitled To Qualified Immunity.

Defendants are not entitled to qualified immunity. Def's are liable for their decision to subject plaintiff to cruel and unusual punishment, and for failure to protect plaintiff and being deliberately indifferent to plaintiff's safety by failing to intervene during the May 25, 2021 attacks on plaintiff (see Leer vs. Murphy 844. F. 2d 628, 634 (9th Cir 1988) Redman v. County of San Diego, 924 F. 2d 1435, 1446 (9th Cir 1991) (Farmer v. Brennan, 511. US. 825, 833 (1994) the supreme court affirmed failure to protect violate the eighth Amendment rights under cruel and unusual punishment.

Also all 3 Defendants shouldn't be entitled to qualified immunity because all 3 Def's worked under the color of law and none of plaintiff's injuries came by way of plaintiff's own negligences and conduct, All 3 def's knew of the attack on plaintiff and failed to protect him and intervene All (3) Def's violated plaintiff's 8th Amendment rights by way of deliberate indifference to plaintiff's safety

"Plaintiff's motion should be granted Due to Defendants failure to Protect him"

THE ISSUE! Discovery is a process for learning facts and obtaining evidence relevant to your case the federal court discovery rule are based on the idea that justice is best served if each side knows what the other side will try to prove. Discovery responses showing the existence of disputed issues of material fact (Rand v. Rowland, 154. F. 3d 952, 963 (9th Cir. 1988.

///

Court Paper
Printed on
Recycled Paper

32